IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD W LARSEN,<br><br>        Plaintiff,<br>   v.<br>TOWN OF CORTE MADERA,<br><br>        Defendant.<br>                                / | No. C 04-05213 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND VACATING JULY 15, 2005 HEARING** |

On December 9, 2004, pro se plaintiff Arnold Larsen filed this action against defendant Town of Corte Madera. Defendant has brought a motion to dismiss plaintiff's complaint. The Court takes this matter under submission without oral argument pursuant to Local Rule 7-1(b).[1] Having carefully considered the papers submitted, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion for the reasons set forth below.

**BACKGROUND**

**1.    Factual background**

Plaintiff lives at 23 Mohawk Avenue in the Town of Corte Madera. According to the complaint, on September 29, 1998, defendant mailed a Notice of Design Review Application for a proposed renovation project at plaintiff's neighbor's single-family residence located at 34 Mohawk Avenue to all owners of nearby properties, including plaintiff. Corte Madera Municipal Code § 18.08.220(g)(1) requires design review approval for all additions to homes which seek to raise the height of the home to more than fifteen (15) feet.

---

[1] Plaintiff has asked the Court to rule on this motion without oral argument or hearing. See Pl.'s Opp'n at 5:1-2; Pl.'s Supp. Opp'n at 5:3-4.

According to the notice, the proposed project had a maximum roof height of eleven feet. Plaintiff alleges that the architectural drawings for the proposed project indicated that a portion of the roof would be raised to a height of sixteen feet and four inches. Plaintiff claims that because the notice did not include this information, defendant must have waived its design review application requirement with respect to the higher portion of the roof.

On or about May 20, 2004, defendant enacted Resolution No. 3331, which increased the Zoning Administrator design review fee from $45 to $785 plus time and materials for the Planning Commission design review. The billing rate for time is $100 per hour. On July 19, 2004, Resolution No. 3331 became effective.

On July 19, 2004, plaintiff inquired about obtaining a building permit to install solar panels in his residence, which would increase the slope of the roof and raise the height of the residence by two and a half feet. On August 5, 2004, plaintiff requested that defendant waive its design review requirements for this project. On October 12, 2004, defendant denied plaintiff's request for waiver of design review. On October 14, 2004, plaintiff appealed the denial. On November 12, 2004, plaintiff appealed for a second time. On December 7, 2004, in its final action, defendant denied the request to waive the design review requirement.

On December 9, 2004, plaintiff filed this complaint alleging that: (1) defendant's denial of his waiver request violated his rights under the Equal Protection Clause of the Fourteenth Amendment because it treated him differently than his similarly situated neighbor at 34 Mohawk Avenue; (2) defendant's design review requirements, in particular the increase in fees under Resolution No. 3331, violate the Commerce Clause of Article I, § 8 of the U.S. Constitution; (3) defendant's design review requirements are preempted by California's Solar Rights Act (California Health and Safety Code § 17959.1 and California Government Code § 65850.5)[2]; and (4) defendant's "costly design review requirements" violate defendant's General Plan.

---

[2] California Health and Safety Code § 17959.1 and California Government Code § 65850.5 were amended as of January 1, 2005. The parties agree that the 2004 versions apply to plaintiff's complaint because plaintiff's complaint was filed before these amendments were enacted.
Section 65850.5 states, in relevant part, "The legislative body of any city or county shall not enact an ordinance which has the effect of prohibiting or of unreasonably restricting the use of solar energy systems other than for the preservation or protection of the public health or safety. . . . This section shall not apply to ordinances which impose reasonable restrictions on solar energy systems. . . Accordingly, reasonable restrictions on a solar energy system are those restrictions which do not significantly increase the cost of the system or significantly decrease its efficiency . . ."

2.     **Procedural background**

On July 12, 1995, plaintiff filed a complaint against defendant in this Court, alleging a violation of his Equal Protection rights on the ground that, "Defendant's denial of my applications to increase the height of my house, while allowing similarly situated neighbors to increase the heights of their houses, denied me equal protection of the laws." First RJN, Ex. A at 2. He alleged that defendant "granted approximately two dozen of my neighbors, in the same subdivision (Madera Gardens), permission to add second stories to their houses. It denied my applications to build up." Id. at 3. Plaintiff also alleged that defendant's design review requirements, found in Corte Madera Municipal Code Chapter 18.30, were generally preempted by the Solar Rights Act, and that defendant knew the design review requirements decreased the efficiency of plaintiff's solar panels.

In the 1995 action, defendant filed a motion for summary judgment, which this Court granted on March 25, 1996. The Court granted summary judgment on plaintiff's Equal Protection claim on the ground that the denial of his application was rationally related to a legitimate governmental interest, and on plaintiff's state preemption claim on the ground that neither California Health and Safety Code § 17959.1 nor California Government Code § 65850.5 applied to defendant's rejection of plaintiff's application to raise the height of his home. Specifically, it found that neither statute applied to plaintiff's claim because § 17959.1 applies only to certain local ordinances (not denials of design applications), and § 65850.5 applies to ordinances passed by local legislative bodies, not to individual land use decisions made by local government in its non-legislative capacity. See First RJN, Ex. D at 5.

Now before the Court is defendant's motion to dismiss the 2004 complaint on grounds that all claims in this action are barred by the doctrines of res judicata and collateral estoppel or, in the alternative, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant has also filed three sets of Requests for Judicial Notice ("RJN"), which the Court GRANTS.

---

Section 17959.1 states, in relevant part, "No local ordinance enacted pursuant to this chapter shall have the effect of prohibiting or of unreasonably restricting the use of solar energy systems, other than for the preservation of the public health and safety . . . This section shall not apply to ordinances which impose reasonable restrictions on solar energy systems . . . Accordingly, reasonable restrictions on a solar energy system are those restrictions which do not significantly increase the cost of the system or significantly decrease its efficiency."

3

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

"The court may also consider documents attached to the complaint in connection with a FRCP 12(b)(6) motion to dismiss." Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)(quoting Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)). "If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may also attach to a FRCP 12(b)(6) motion the documents referred to in the complaint." Lee v. City of Los Angeles, 250 F.2d 668, 688-89 (9th Cir. 2001)). "In addition, whether requested or not, the court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiffs' pleadings." In re Silicon Graphics Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999)). "On a motion to dismiss, [the court] may take judicial notice of matters . . . outside the pleadings." MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

4

**DISCUSSION**

Defendant seeks dismissal of plaintiff's claims based on (1) res judicata, (2) collateral estoppel, and (3) plaintiff's failure to state a claim.[3]

**1.   Res judicata**

Defendant contends that all of plaintiff's claims are barred by the res judicata effect of the 1995 action. In non-diversity cases, federal courts apply federal law to determine the preclusive effect of prior federal court judgments. Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 n.12 (1971). Rule 8(c) of the Federal Rules of Civil Procedure establishes res judicata as an affirmative defense. Although ordinarily affirmative defenses may not be raised in a motion to dismiss, res judicata may be asserted in a motion to dismiss when doing so does not raise any disputed issues of fact. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotations omitted). It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. W. Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. Tahoe-Sierra Pres. Council, 322 F.3d at 1078 (citing United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905 (9th Cir. 1998)). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Fin. Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

---

[3] In his supplemental opposition brief, plaintiff concedes that his Commerce Clause claim fails as a matter of law. See Pl.'s Supp. Opp'n at 4:13-16. The Court construes this as a statement of non-opposition to defendant's motion to dismiss this claim. Accordingly, the Commerce Clause claim is DISMISSED with prejudice.

Courts use the following factors to determine whether res judicata bars a subsequent cause of action: (1) an identity of the claims in the two actions; (2) a final judgment on the merits in the first action; and (3) the same parties or privity between parties in the two actions. Tahoe-Sierra Pres. Council, 322 F.3d at 1077 (quoting Stratosphere Litig. LLC v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). An identity of claims does not mean that an imaginative litigant may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated. Id. at 1077-78. In determining whether two lawsuits share a single claim, the court considers:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982); see Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), Tahoe-Sierra Pres. Council, 322 F.3d at 1078. The last of these criteria is the most important. Constantini, 681 F.2d at 1202.

Here, there is no dispute that the parties to both lawsuits are the same and that there was a final judgment on the merits in the 1995 case. The question is whether there is an identity of claims in the two lawsuits.

### A. Equal protection claim

In the 1995 case, the Court concluded that plaintiff was treated differently from a similarly situated neighbor when the neighbor's application to increase the height of his roof was granted and plaintiff's application was denied. The Court then examined defendant's reasons for denying plaintiff's application and held that those reasons were rationally related to a legitimate governmental interest. In this case, plaintiff's claim arises from his allegation that defendant waived the design review requirements for the renovation project submitted by another neighbor but not for plaintiff's project. This claim requires an analysis of defendant's decision not to waive the design review process for plaintiff. Therefore, the Court's analysis of defendant's reasons for denying plaintiff's 1995 application and its conclusion that they were rationally related to a legitimate government interest does not bar plaintiff from bringing an Equal Protection claim in this case.

Defendant cites Tahoe-Sierra Pres. Council, Inc. for its contention that two suits challenging the same

6

planning ordinance necessarily have the same transactional nucleus of facts. In that case, the plaintiffs' first lawsuit challenged a 1987 planning formula. Tahoe-Sierra Pres. Council, 322 F.3d at 1074, 1075. The plaintiffs' second lawsuit sought to invalidate the local Agency Board's 1999 decision to maintain the 1987 planning formula. Id. The Ninth Circuit held that the issues in the two lawsuits were identical because they both addressed the 1987 formula, which remained unchanged. Id. at 1079.

The Court finds that plaintiff's current Equal Protection claim could not have been brought in 1995, and that the claims are different because they arise out of two different transactional nuclei of facts and rely on different evidence. The Tahoe-Sierra court noted that individual discretionary decisions by regulatory bodies acting under a single plan could give rise to separate legal claims with sufficiently different facts to avoid res judicata, see id. at 1080, and that is precisely the situation here. Plaintiff is challenging two different decisions made in defendant's design review process. Although plaintiff's equal protection claim arises under the same planning ordinance as his 1995 complaint, the claims are not identical because they arise from two separate applications of the planning ordinance, not from two challenges to the ordinance itself. The claims also rely on different evidence. Here, plaintiff relies on defendant's design review requirements, the September 29, 1998 Notice of Design Review Application for 34 Mohawk Avenue, the plans related to the proposed project, plaintiff's July 2004 inquiry regarding a building permit to increase the slope of his roof, and the Town of Corte Madera's December 7, 2004 denial of his request to waive the design review requirements. Of this evidence, only the challenged ordinance was involved in the 1995 case.

Thus, there is no identity of the Equal Protection claims in the two cases because the claims do not arise from the same transactional nucleus of facts and different evidence is required for their evaluation. Res judicata does not bar plaintiff's Equal Protection claim.

### B. State preemption claim

Defendant argues that plaintiff's state preemption cause of action is barred by res judicata because it challenges Zoning Ordinance Chapter 18.30, the same design review ordinance plaintiff challenged in his 1995 complaint, and relies on the same California statutes as grounds for preemption, Gov. Code § 65850.5 and

Health and Safety Code § 17959.1. In his opposition briefs, plaintiff argues that the recent planning fee increase adopted by defendant as a design review requirement creates a new state preemption claim that is not barred by res judicata.

In the March 25, 1996 Order, the Court ruled that neither California statute applied to defendant's rejection of plaintiff's application to raise the height of his roof. It concluded that (1) § 17959.1 did not apply because it is restricted to local ordinances enacted pursuant to Health and Safety Code Division 13, Chapter 4 and defendant's ordinance was not enacted pursuant to that chapter, and (2) § 65850.5 did not apply because it refers only to ordinances passed by "the legislative body of any county or city" and the decision at issue was an individual land use decision made by defendant in its administrative capacity.

Plaintiff's 2004 complaint alleges that "these statutes [California Government Code § 65850.5 and California Health and Safety Code § 17959.1] prohibit, not only offending ordinances, but also all local government actions, even discretionary land use decisions, that have the effect of obstructing the use of solar energy systems." Compl. ¶ 17. These allegations are the same as those presented in plaintiff's 1995 complaint, and thus the 2004 state preemption claim is identical to the 1995 preemption claim to the extent that it asks the Court to find that discretionary land use decisions made by defendant are preempted by the Solar Rights Act. The preemption claim on this ground is barred by res judicata.

However, plaintiff also now alleges that the July 19, 2004 fee increase is preempted by these state statutes. This basis for the claim is not identical to the 1995 preemption claim, and it could not have been brought in 1995 because the fee increase had not yet been enacted. Thus, the present state preemption claim attacking Resolution No. 3331 is not barred by res judicata.

### C. Violation of General Plan

Plaintiff alleges that § 4.7.a of defendant's General Plan, which requires the Town of Corte Madera to "encourage development and construction standards that encourage energy conservation in residential areas," bars the design review requirements because they discourage energy conservation. Defendant argues that this claim is barred by res judicata because the General Plan was adopted in December 1989, and therefore it existed before plaintiff filed his 1995 complaint and could have been challenged in the prior action. Plaintiff's

8

complaint states that "[r]equiring citizens, who want to install or significantly improve the efficiency of active solar systems, submit to costly Design Review requirements does not encourage energy conservation. To the contrary, defendant's Design Review requirements . . . discourages energy conservation and, thus, violates the Town's General Plan." Compl. ¶ 20. In his opposition briefs, plaintiff clarifies that this claim arises from Resolution No. 3331's 2004 increase in design review fees. To the extent that plaintiff's claim is based on Resolution No. 3331, therefore, it is not barred by res judicata.

**2.    Collateral estoppel**

Defendant argues that all of plaintiff's claims are barred by collateral estoppel. Specifically, defendant contends that the following three issues have been resolved: (1) that defendant's design review procedures could be applied to plaintiff's plans to increase the height of the roof of his residence for solar energy purposes; (2) that defendant's denial of plaintiff's design review approval did not violate Equal Protection; and (3) that defendant's design review procedures are not preempted by state law. Plaintiff argues that his claims are based on a substantially different nucleus of facts which arose long after the prior case, namely the denial of his request for a waiver and the enactment of Resolution No. 3331.

In the Ninth Circuit, collateral estoppel applies where it is established that: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. Hydranautics v. Filmtec Corp., 204 F.3d 880, 885 (9th Cir. 2000). A court may rule on the merits of a collateral estoppel defense on a motion to dismiss if it relies only on materials included in the pleadings or of which the court may take judicial notice. Mack, supra, 798 F.2d at 1282. The party asserting collateral estoppel bears the burden of demonstrating "with clarity and certainty" what was decided in the previous case. Hydranautics, 204 F.3d at 885 (citing Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V., 114 F.3d 848, 850 (9th Cir. 1997)). If there is doubt, collateral estoppel will not be applied. Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985).

As above, neither party disputes that the parties to both lawsuits are the same or that there was a final judgment on the merits in the previous lawsuit. The question is whether the present issues are identical to those

9

decided in the previous proceeding.

Plaintiff's claim of violation of the General Plan is not barred by collateral estoppel because it is based on the increased design review fees rather than on the Town's decision regarding his waiver request. Although defendant asks that all claims be dismissed, it only addresses the Equal Protection and state preemption claims which were previously litigated. Thus, the Court will address only those claims.

### A.     Equal protection claim

In evaluating the 1995 Equal Protection claim, this Court compared defendant's rejection of plaintiff's plans to increase the height of his roof with defendant's approval of a similarly situated neighbor's proposal and found no violation of plaintiff's equal protection rights because of the "fairly debatable" relationship between the rejection of plaintiff's application and defendant's legitimate interest in maintaining the character and land values of the neighborhood. The Court did not decide whether defendant's decision to deny plaintiff's application for a waiver of the design review process violated his right to protection of law equal to that afforded to a different neighbor, who was granted such a waiver. Therefore, collateral estoppel does not apply.

Defendant relies on <u>Levy v. City of Cherry Hills Village</u>, 666 F. Supp. 201 (D. Colo. 1987), and <u>Van Pool v. City & County of San Francisco</u>, 752 F. Supp. 915 (N.D. Cal. 1990), to support its collateral estoppel defense. Like <u>Tahoe-Sierra Preservation Council</u>, both cases involve multiple suits challenging a single requirement which remained unchanged between lawsuits. <u>Levy</u>, 666 F. Supp. at 203 (challenging a zoning requirement), <u>Van Pool</u>, 752 F. Supp. at 921-22 (challenging a consent decree). Although plaintiff's current Equal Protection claim involves the same ordinance as his 1995 complaint, it relies on different facts, evidence and argument and could not have been raised in the 1995 complaint. Accordingly, it is not barred by collateral estoppel.

### B.     State preemption claim

As discussed regarding <u>res judicata</u>, above, in the March 25, 1996 Order, the Court ruled that neither California statute applied to defendant's rejection of plaintiff's application to raise the height of his roof. Plaintiff's 2004 allegations that the statutes "prohibit, not only offending ordinances, but also all local government

10

actions, even discretionary land use decisions, that have the effect of obstructing the use of solar energy systems," see Compl. ¶ 17, are the same as those presented in the 1995 complaint and may not be relitigated.

However, plaintiff also alleges that the July 19, 2004 fee increase is preempted by California Health and Safety Code § 17959.1 and California Government Code § 65850.5. Resolution No. 3331, like the rest of the design review process, was not adopted pursuant to Health and Safety Code Division 13, Chapter 4. The resolution was adopted in compliance with California Government Code §§ 66016, 66017 and 66018. Second RJN, Ex. AA, Resolution No. 3331. Therefore, although the fee increase claim arising under § 17959.1 could not have been brought in the earlier action, plaintiff's challenge to that statute fails for the same reason it failed in 1996: because § 17959.1 is inapplicable. This issue was litigated and decided in the prior action, and thus is barred.

Plaintiff's remaining claim of preemption by California Government Code § 65850.5 arises from the validity of the increased planning fee imposed by Resolution No. 3331. His previous claim arose from defendant's denial of a permit for his proposed alteration to his house. The issues are not identical because they involve different facts, evidence and legal argument. Therefore, to the extent that plaintiff's preemption claim is based on § 65850.5, it not barred by collateral estoppel.

### 3. Failure to state a claim

Defendant argues that plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim.

#### A. Equal protection claim

Plaintiff's complaint alleges that "Defendant's requirement that plaintiff submit to the defendant's Design Review process while allowing a similarly situated neighbor to make an alteration to their house without going through the Design Review process denied plaintiff equal protection of the law." Compl. ¶ 2. This allegation is based on the fact that the Town approved the design review application for an addition being built by plaintiff's neighbor at 34 Mohawk Avenue, while it denied plaintiff's request for a waiver of the design review requirements for his proposed roof increase over the 15-foot limit. According to plaintiff, the notice regarding

11

34 Mohawk Avenue stated that the height of the addition would be eleven feet, but in fact it was approximately 16 feet 4 inches, and the Town "knowingly approved this higher alteration to their structure without requiring them to submit an application for Design Review." Compl. ¶ 7. In his opposition briefs, though not in the complaint, plaintiff states that in 1998 the Town applied the design review ordinance to an eleven-foot addition on a neighbor's house but not to an alteration of the roof that raised it above sixteen feet. See Pl.'s Opp'n ¶ 8; Pl.'s Supp. Opp'n ¶ 8. It appears that this statement refers to the same neighbor at 34 Mohawk Avenue mentioned in the complaint.

Defendant contends that plaintiff is not similarly situated to the neighbor at 34 Mohawk Avenue because the two individuals submitted entirely different applications to the Town: the neighbor applied for design review *approval* of his project, while plaintiff applied for a *waiver* of design review approval. In addition, defendant argues that regardless of the 34 Mohawk Avenue addition's actual height, the application stated that the height would be eleven feet, while plaintiff proposed a seventeen-and-a-half foot roof, and thus it was not differential treatment to require plaintiff to submit a design review application, but rather a valid exercise of a legitimate governmental interest.

To state a claim under the Equal Protection Clause of the Fourteenth Amendment with regard to a local government's land use decision, plaintiff must show that: (1) similarly situated properties were treated differently and (2) there was no rational basis for the different treatment. Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1240 (9th Cir. 1994). The Court agrees with defendant that the current complaint does not allege the first element of an Equal Protection claim, and that plaintiff is not similarly situated to his neighbor at 34 Mohawk Avenue if they submitted different applications to the Town. Therefore, defendant's motion to dismiss plaintiff's equal protection claim is GRANTED. However, plaintiff's opposition briefs suggest that he believes the Town granted – either expressly or impliedly – a waiver of design review approval to this and/or another neighbor in 1998. Because these facts were not presented in the complaint, plaintiff is granted leave to amend to add the necessary allegations to his complaint, if he truthfully can do so.

Accordingly, the Equal Protection claim is DISMISSED with leave to amend.

**B.    State preemption claim**

Plaintiff alleges that California Government Code § 65850.5 preempts Resolution No. 3331 because it preempts all local government actions that obstruct the use of solar energy systems.[4] In Sherwin-Williams Co. v. City of Los Angeles, 4 Cal. 4th 893 (1993), the California Supreme Court set out the standard for state preemption of a local ordinance as follows:

> Under article XI, section 7 of the California Constitution, a county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws. If otherwise valid local legislation conflicts with state law, it is preempted by such law and is void. A conflict exists if the local legislation duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication. Local legislation is 'duplicative' of general law when it is coextensive therewith. Similarly, local legislation is 'contradictory' to general law when it is inimical thereto. Finally, local legislation enters an area that is 'fully occupied' by general law when the Legislature has expressly manifested its intent to 'fully occupy' the area or when it has impliedly done so . . .

Id. at 897-98 (internal quotation marks and citations omitted).

Section 65850.5 specifies that "reasonable restrictions on solar energy systems" are allowable and that "reasonable restrictions . . . are those restrictions which do not significantly increase the cost of the system." In his complaint, plaintiff claims that all government actions which infringe on the use of solar energy systems violate § 65850.5, but also specifically alleges that the fee significantly increases the cost of his solar energy system such that it is a major obstacle to his installing the system. These allegations are sufficient to state that the fee is unreasonable and thus is inimical to the purpose of § 65850.5. Thus, these allegations are sufficient to state a claim that § 65850.5 preempts Resolution No. 3331, to the extent that it applies to solar energy systems.

Defendant argues that § 65850.5 does not apply to specific land use decisions and that under another section, Cal. Gov. Code § 65050(c)(1), it is authorized to adopt ordinances that regulate the "height . . . and size of buildings and structures." Because plaintiff's preemption claim is based the increased fee and not on defendant's decision regarding his waiver application, this argument is unavailing.

Thus, plaintiff has stated a claim for state preemption with respect to Resolution No. 3331. Defendant's motion to dismiss this claim is DENIED.

---

[4] As previously discussed, plaintiff's state preemption claim under Health and Safety Code § 17959.1 is barred by collateral estoppel; thus, it will not be addressed here.

**United States District Court**
For the Northern District of California

### C. Violation of Defendant's General Plan

Section 4.7.a of defendant's General Plan states that defendant shall "encourage development and construction standards that encourage energy conservation in residential areas." Compl., Ex. O. Plaintiff alleges that the design review fee violates General Plan § 4.7.a when it is applied to applicants who wish to install or improve solar energy systems.[5]

Defendant argues that its decision requiring plaintiff's proposal to undergo design review was consistent with, and even dictated by, the Town's General Plan. Defendant also relies on <u>Save Our Peninsula Comm. v. Monterey County Bd. of Supervisors</u>, 87 Cal. App. 4th 99, 141-42 (2001), for the proposition that local agency decisions deserve great deference due to the agencies' unique ability to apply the local plan's policies and accommodate the competing interests addressed within it. However, these arguments do not address the sufficiency of plaintiff's claim here, which is that the fee increase in Resolution No. 3331 is inconsistent with the General Plan. There is no evidence before the Court, nor could there be on a motion to dismiss, that when defendant enacted Resolution No. 3331 it considered the policy embodied in General Plan § 4.7.a to encourage development and construction standards that further energy conservation in residential areas. Therefore, defendant's motion to dismiss this claim is DENIED.

### CONCLUSION

For the foregoing reasons, and for good cause shown, defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. The Commerce Clause claim is DISMISSED with prejudice. The Equal

---

[5] California Government Code § 65860 provides, in relevant part:
(a) County or city zoning ordinances shall be consistent with the general plan of the county or city by January 1, 1974. A zoning ordinance shall be consistent with a city or county general plan only if both of the following conditions are met:
　(1) The city or county has officially adopted such a plan.
　(2) The various land uses authorized by the ordinance are compatible with the objectives, policies, general land uses, and programs specified in the plan.

(b) Any resident or property owner within a city or a county, as the case may be, may bring an action or proceeding in the superior court to enforce compliance with subdivision (a). . . . No action or proceeding shall be maintained pursuant to this section by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days of the enactment of any new zoning ordinance or the amendment of any existing zoning ordinance.

1  Protection claim is DISMISSED with leave to amend. Plaintiff's state preemption claim under California Health
2  and Safety Code § 17959.1, and any state preemption claims under California Government Code § 65850.5
3  challenging discretionary land use decisions made by defendant, are DISMISSED with prejudice. Defendant's
4  motion to dismiss the state preemption claim under Cal. Gov. Code § 65850.5, challenging the reasonableness
5  of the design review fees as applied to solar energy projects, is DENIED.          Defendant's motion to dismiss
6  the General Plan claim is DENIED.

   Plaintiff is granted leave to file an amended complaint, which should contain an amended Equal Protection claim, a state preemption claim based on Cal. Gov. Code § 65850.5, and a claim based on the General Plan, **on or before August 1, 2005.** [Docket # 6]

**IT IS SO ORDERED.**

Dated: July 11, 2005

SUSAN ILLSTON
United States District Judge